1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE COTOC SANCHEZ,

                              Plaintiff,

        v.

WARDEN (NWDC),

                              Defendant.

No. C10-208 RBL/KLS

ORDER TO AMEND OR TO SHOW
CAUSE

        This *Bivens* action has been referred to Magistrate Judge Karen L. Strombom pursuant to

28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4.  The case is before the Court for review of

the complaint of Jose Cotoc Sanchez.  Mr. Sanchez is a detainee at the Northwest Detention

Center (NWDC), a federal immigration detention facility administered under contract by The

GEO Group, Inc.[1]

*DISCUSSION*

        The Court "may act on its own initiative to note the inadequacy of a complaint and

dismiss it for failure to state a claim" upon which relief may be granted.  *Wong v. Bell*, 642 F.2d

359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357

at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir.

---

        [1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/
tacoma.htm.

ORDER - 1

1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).   Accordingly, while the Court finds that dismissal of Mr. Sanchez's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Sanchez an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the

ORDER - 2

opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor.  See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991).  42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).  A *Bivens* claim is not available against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Here, the complaint alleges facts supporting the claim that various unidentified Doe Defendants came into direct contact with Plaintiff and interfered with his outgoing mail and as a result, caused him to miss payment of his bond and appointment for release from detention.  Dkt. 15, pp. 1-2.  Plaintiff fails to name any of the individuals who interfered with his outgoing mail. Instead, he names only the "Warden NWDC."[2]  However, the complaint is devoid of any specific facts in support of the claim that Warden Wigen himself participated in any unconstitutional conduct.  There are no facts alleged supporting any direct involvement by Warden Wigen and there are no facts alleged supporting liability under a theory supervisory liability.

Supervisory personnel cannot be held liable in a *Bivens* action for the actions of their employees under a theory of respondeat superior.  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991).  Therefore, liability against Mr. Wigen must be premised on more than his position as Warden.  A supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to

---

[2] The Warden of the Northwest Detention Center is George Wigen of The GEO Group, Inc.

ORDER - 3

act to prevent them.'" *Hydrick v. Hunter*, 500 F.3d 987, 988 (9th Cir.2007) (quoting *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989)).

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies.  Plaintiff must show cause or file the amended complaint **no later than June 4, 2010.**   If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief.  Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint.  Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C10-208 RBL/KLS must be written in the caption**.

ORDER - 4

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

DATED this 4th day of May, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5