UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE COTOC SANCHEZ,

                         Plaintiff,

        v.

WARDEN NORTHWEST DETENTION
CENTER,

                         Defendant.

No. C10-00208 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  July 9, 2010**

This *Bivens*[1] action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Mr. Jose Cotoc Sancez is a detainee at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[2]   Mr. Sanchez was directed to file an amended complaint or show cause why his complaint should not be dismissed for failure to state a claim under *Bivens*.  Dkt. 16.  Mr. Sanchez was ordered to do so no later than June 4, 2010.  *Id.*  Mr. Sanchez has not filed an amended complaint or responded to the Order to Show Cause.  Accordingly, the undersigned recommends that his complaint be dismissed for failure to state a claim under *Bivens*.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] *See* http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/

REPORT AND RECOMMENDATION - 1

*DISCUSSION*

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted.  *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).   The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief."  *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Unless it is

REPORT AND RECOMMENDATION - 2

absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. See *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). 42 U.S.C. § 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*). A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Here, the complaint alleges facts supporting the claim that various unidentified Doe Defendants came into direct contact with Plaintiff and interfered with his outgoing mail and as a result, caused him to miss payment of his bond and appointment for release from detention. Dkt. 15, pp. 1-2. Plaintiff fails to name any of the individuals who interfered with his outgoing mail. Instead, he names only the "Warden NWDC."[3] However, the complaint is devoid of any specific facts in support of the claim that Warden Wigen himself participated in any unconstitutional conduct. There are no facts alleged supporting any direct involvement by Warden Wigen and there are no facts alleged supporting liability under a theory supervisory liability.

Supervisory personnel cannot be held liable in a *Bivens* action for the actions of their employees under a theory of respondeat superior. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991). Therefore, liability against Mr. Wigen must be premised on more than his position as Warden. "A supervisor may be held liable for the constitutional violations of subordinates 'if

---

[3] The Warden of the Northwest Detention Center is George Wigen of The GEO Group, Inc.

REPORT AND RECOMMENDATION - 3

the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Hydrick v. Hunter*, 500 F.3d 987, 988 (9th Cir.2007) (quoting *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989)).

The court advised Mr. Sanchez of the foregoing defects in his complaint and provided him an opportunity to file an amended complaint or respond to the court's order to show cause explaining why his complaint should not be dismissed for failing to state a *Bivens* claim.  Mr. Sanchez has not filed an amended complaint or responded to the court's order to show cause. Neither has he requested an extension of the deadline to do so.

*CONCLUSION*

Plaintiff has not stated a cognizable *Bivens* claim.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 9, 2010**, as noted in the caption.

DATED this   22nd   day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4